S. L. HOPPER, Appellant, v. HUGH DOWLING, Appellee.

**ASSAULT AND BATTERY:** Civil Liability—"Pitchfork" as Deadly Weapon. A pitchfork used solely *"as a club and with a side motion"* is not a deadly weapon *per se.* It follows that the court need not— at least not in the absence of a request—instruct that it is unlawful for a person assaulted to use a deadly weapon unless assault is made with such a weapon or in such manner as would cause a person of ordinary courage to believe that he was in imminent peril of losing his life or suffering great bodily injury.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

MARCH 15, 1921.

ACTION for damages on account of personal injuries resulting from assault and battery. Verdict and judgment thereon for defendant. Plaintiff appeals.—*Affirmed.*

*Tinley, Mitchell, Pryor, Ross & Mitchell,* for appellant.

*Robertson & Robertson,* for appellee.

ARTHUR, J.—Plaintiff and defendant were farmers, residing in Pottawattamie County. In December, 1917, plaintiff, in company with one Frank Killpack, went to the home of the defendant to solicit a contribution for the Red Cross. They found the defendant in his barn. An alleyway runs through the barn, with rows of stalls on either side. Defendant was working in one of the stalls. Plaintiff and defendant engaged in talk, and

both became angry. Plaintiff was standing in the alleyway, and defendant was in a stall, and a manger 3½ feet high was between them.

Plaintiff's claim as to what took place is that he was lawfully and peaceably upon the premises of the defendant, to solicit a contribution from the defendant for the Red Cross; that defendant, without provocation, maliciously, willfully, and intentionally assaulted the plaintiff with a pitchfork, and struck him therewith across the left arm, fracturing the elbow joint.

Defendant admitted striking plaintiff across the left arm with a pitchfork, but claimed that, at the time, plaintiff was making an unlawful assault upon him on the defendant's premises, and that, in striking the plaintiff, he was acting in self-defense, and used only such force as appeared to him, under the circumstances, to be necessary to protect his person from the unlawful assault so made upon him by plaintiff.

Plaintiff and witness Killpack testified that, while angry words passed, plaintiff did not strike or offer to strike the defendant. The defendant testified that plaintiff commenced striking at him, and said "I will fight," and struck at him three or four times; that plaintiff was raving mad, and said he was going to fight; that plaintiff leaned over the manger, and if he had not hit him, he would have come over the manger; that he was making an attempt to come over, and that he hit him twice with a pitchfork on the arm; that he swung the pitchfork as a club, with a side movement.

It appears that defendant was an older man than plaintiff, and a smaller man, and was crippled to some extent.

The main assignment of error is lodged against an instruction wherein the court told the jury that, if the defendant, prior to striking the plaintiff with a pitchfork, really believed, and had reasonable grounds, as an ordinarily prudent and courageous person, to believe, that the plaintiff was in the act of making assault upon him, then the defendant had the right to use so much force as appeared to him, acting as a reasonably prudent and courageous person would act, when placed under the same or similar circumstances, to be necessary to use in order to repel the assault. Plaintiff's counsel insist that the instruction was erroneous, because it did not present to the jury the rule of law

that it is not lawful for a person assaulted to use a deadly weapon in his defense, unless the assault is made with such a weapon or in such a manner as would cause a person of ordinary courage to believe that he is in imminent peril of losing his life or receiving great bodily injury.

This was a civil case, and an instruction was not requested by plaintiff. However, the instruction given was without error. The pitchfork was not used as a javelin, to pierce the person of plaintiff. It was only used as a club or bludgeon, and the strokes delivered with a side motion. The pitchfork, used as it was used, is not a "deadly weapon" *per se;* and the omission of the court to instruct as to the use of a deadly weapon in self-defense was not error. *Hilliard v. State,* (Tex. Cr. R.) 218 S. W. 1052.

Plaintiff's counsel urge that it was error to submit the defense of self-defense, because there was not sufficient evidence to warrant; and, involving the same proposition on ruling on motion for new trial, that the evidence was not sufficient to sustain the verdict. There was conflict in the evidence as to just what occurred between the parties, as to whether plaintiff or the defendant was the aggressor; and the court was without error in submitting to the jury the defense of self-defense, and in overruling the motion for a new trial on the ground that the evidence was not sufficient to sustain the verdict.

We find no error in the record, and the cause is—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.